Filed 6/28/16 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re MIGUEL S. et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, | G052683 |
| Plaintiff and Respondent, | (Super. Ct. Nos. DP024206 & DP024244) |
| v. | |
| U.S. et al., | ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |
| Defendants and Appellants. | |

It is ordered that the opinion filed herein on June 7, 2016, be modified as follows:

1. On page 8, footnote 2 is deleted and replaced with the following footnote 2:

> [2] The California Supreme Court granted review of *In re Abbigail A.* (2014) 226 Cal.App.4th 1450, 1461, review granted September 10, 2014, S220187, in which the appellate court addressed a similar issue.

2. On page 9, footnote 3 is deleted and replaced with the following footnote 3:

> [3] The Supreme Court granted review in *In re Isaiah W.* (2014) 228 Cal.App.4th 981, review granted October 29, 2014, S221263, to address a similar issue.

These modifications do not effect a change in the judgment.

FYBEL, J.

I CONCUR:

BEDSWORTH, ACTING P. J.

Filed 6/7/16; pub. order 6/17/16 (see end of opn) (unmodified version)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re MIGUEL S. et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, | G052683 |
| Plaintiff and Respondent, | (Super. Ct. Nos. DP024206 & DP024244) |
| v. | |
| U.S. et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeals from an order of the Superior Court of Orange County, Gary Bischoff, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Reversed and remanded with directions. Motion to take additional evidence. Granted.

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant U.S.

Lauren K. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant J.V.

Leon J. Page, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minors.

*       *       *

## INTRODUCTION

U.S., the presumed father of now five-year-old Robert S. and three-year-old Miguel S. (collectively, the children), and J.V., Robert's biological father, each appeal from the juvenile court's order terminating their parental rights. U.S. and J.V. argue insufficient evidence supports the juvenile court's finding that the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) does not apply in this case, and further argue the Orange County Social Services Agency (SSA) failed to comply with its obligations under ICWA. U.S. and J.V. also argue the juvenile court erred by finding the children adoptable and terminating parental rights while a child abuse report investigation was pending.

We grant SSA's unopposed motion to take additional evidence under Code of Civil Procedure section 909, which shows the juvenile court concluded the child abuse report was unfounded and the home study for Miguel and Robert's prospective adoptive parents was completed and approved by SSA. That evidence moots U.S.'s and J.V.'s challenges to the order terminating parental rights based on the pendency of the child abuse report investigation at the time of the permanency hearing.

As for U.S.'s and J.V.'s ICWA challenges, although SSA was informed the children were both eligible to enroll in two different Chippewa tribes, our record does not show that any further efforts on the part of SSA or the juvenile court were made before SSA proposed that the court find that ICWA did not apply and the juvenile court made that finding. We therefore reverse the order terminating parental rights for the limited purpose of allowing SSA to make active efforts necessary to secure tribal membership for

2

the children, in compliance with rules 5.482(c) and 5.484(c)(2) of the California Rules of Court.

## BACKGROUND

### I.

### THE AMENDED JUVENILE DEPENDENCY PETITIONS

In December 2013, the juvenile court sustained amended juvenile dependency petitions filed by SSA on behalf of Robert and Miguel. The petition on behalf of Robert alleged that he came within the jurisdiction of the juvenile court under Welfare and Institutions Code section 300, subdivisions (b) (failure to protect) and (g) (no provision for support). (All further statutory references are to the Welfare and Institutions Code unless otherwise specified.) The petition on behalf of Miguel alleged that he also came within the jurisdiction of the juvenile court under section 300, subdivisions (b) and (g).

In one or both of the petitions, SSA alleged the children's mother (Mother), herself a minor and dependent of the Orange County Juvenile Court, had absconded from Orangewood Children and Family Center. She had dropped off the children with caregivers without providing for their support or authorization for any medical needs. Mother expressed that it was too difficult for her to care for the children. She had an unresolved substance abuse problem that included the use of marijuana, methamphetamine, and heroin. Mother and U.S. had engaged in domestic violence. Both U.S. and J.V. were incarcerated.

The juvenile court vested custody of the children with SSA and approved case plans and visitation plans.

## II.

ALTHOUGH SSA IS INFORMED THE CHILDREN ARE BOTH
ELIGIBLE FOR ENROLLMENT IN TWO DIFFERENT NATIVE
AMERICAN TRIBES, THE JUVENILE COURT FINDS ICWA DOES
NOT APPLY TO THE CHILDREN.

In September 2013, Mother had told a social worker that she had Native American heritage through the Chippewa tribe and that her maternal grandmother, who lived in Oregon, might be able to provide more information. A social worker spoke with the children's maternal great-great-grandmother and their maternal great-grandmother, who each confirmed the maternal great-great-grandfather was enrolled with the Bad River Band of Lake Superior Tribe of Chippewa Indians. The social worker contacted Janice Cadottet, who worked with the Red Cliff Band of Lake Superior Chippewa Indians of Wisconsin, to obtain more information. Cadottet confirmed that the children's maternal great-aunt is an enrolled member of the Red Cliff Band of Chippewa Indian tribe. Cadottet informed the social worker that "the children are or may be eligible for enrollment with either one of those two Chippewa Indian tribes." ICWA 30-day notices were sent.

The record contains a form, purportedly from the Red Cliff Band of Lake Superior Chippewas, dated October 29, 2013, which requests the family history for the children's maternal biological grandmother.

On November 12, 2013, the social worker received a call from the Bad River Band of Lake Superior Tribe of Chippewa Indians and was told that the children were eligible for enrollment with that tribe. A day later, the social worker was informed by the Red Cliff Band of Lake Superior Chippewa Indians of Wisconsin that the children were eligible for enrollment with their Indian tribe. The social worker was further informed Mother, at that time "a minor dependent" who was "AWOL from placement," was eligible for enrollment in both tribes. The social worker stated, "[i]n order to move

4

forward with Tribal enrollment for the children . . . , SSA needs mother to present herself to court, choose to enroll herself in one of the two Chippewa Indian tribes. Once mother has enrolled in either Chippewa Indian tribe then SSA can move forward to enroll the children . . . in that same Chippewa Tribe."

Our record discloses no further action after November 2013, until an interim review report, dated April 22, 2014, stated, "[i]t is respectfully requested that the Court make a finding as to the children's Indian Child Welfare Act Status." The report further stated that ICWA "does or may apply" as each child might be an Indian child in the Chippewa tribe and was ICWA "eligible" (capitalization & boldface omitted). SSA proposed the court find "ICWA does not apply," and the juvenile court's minute order, dated April 22, 2014, contains the finding, "ICWA does not apply." In a minute order dated June 19, 2014, the juvenile court again stated: "Court finds ICWA does not apply."

III.

THE JUVENILE COURT TERMINATES PARENTAL RIGHTS;
U.S. AND J.V. APPEAL.

The juvenile court terminated reunification services in April 2015 and set a permanency hearing. As to the issue of ICWA compliance, the permanency hearing report stated: "Per the Orange County Juvenile Court Minute Orders dated April 22, 2014, and June 19, 2014, the Indian Child Welfare Act does not apply."

At the permanency hearing, the juvenile court found it likely the children would be adopted and that adoption was in their best interests. The court terminated parental rights as to Mother, U.S., and J.V., and placed the children for adoption.

U.S. and J.V. each appealed from the order terminating parental rights.

5

DISCUSSION

I.

INSUFFICIENT EVIDENCE SHOWS THAT ICWA DID NOT APPLY IN THIS CASE AND THAT SSA MADE ACTIVE EFFORTS TO SECURE TRIBAL ENROLLMENT FOR THE CHILDREN.

U.S. and J.V. argue insufficient evidence supports the finding that ICWA did not apply. They also argue SSA failed to make active efforts to secure tribal enrollment for the children. We agree with both contentions.

ICWA was enacted to "protect the best interests of Indian children[1] and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture." (25 U.S.C. § 1902.) To achieve this purpose, ICWA requires notice be given to the child's tribe "where the court knows or has reason to know that an Indian child is involved." (25 U.S.C. § 1912(a).) The tribe's response will determine if the child is an Indian child. (*In re Desiree F.* (2000) 83 Cal.App.4th 460, 471 ["the question of membership rests with each Indian tribe"].)

"In the context of juvenile dependency proceedings, notice to Indian tribes is governed by both federal and state law. ICWA provides that if 'the court knows or has reason to know that an Indian child is involved' in an involuntary state court proceeding, 'the party seeking foster care placement of, or termination of parental rights to, an Indian

---

1 ICWA defines an Indian child as an unmarried person under the age of 18 who is (1) a member of an Indian tribe or (2) eligible for membership in an Indian tribe and the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4).) "A child may qualify as an Indian child within the meaning of the ICWA even if neither of the child's parents is enrolled in the tribe." (*In re Gabriel G.* (2012) 206 Cal.App.4th 1160, 1166.) The determination of a child's Indian status is made by the tribe, so the juvenile court needs only a suggestion of Indian ancestry to trigger the notice requirement. (*In re Nikki R.* (2003) 106 Cal.App.4th 844, 848.)

6

child shall notify . . . the Indian child's tribe . . . .' (25 U.S.C. § 1912(a).) [Welfare and Institutions Code s]ection 224.2, subdivision (b) reiterates that '[n]otice shall be sent whenever it is known or there is reason to know that an Indian child is involved, *and for every hearing thereafter* . . . unless it is determined that [ICWA] . . . does not apply to the case [in accordance with Welfare and Institutions Code section 224.3].'" (*In re Alice M.* (2008) 161 Cal.App.4th 1189, 1197, italics added.)

"We review the trial court's findings whether proper notice was given under ICWA and whether ICWA applies to the proceedings for substantial evidence. [Citation.]" (*In re D.N.* (2013) 218 Cal.App.4th 1246, 1251.)

Here, shortly after the original juvenile dependency petitions were filed, SSA was informed by two Chippewa Indian tribes that the children were eligible for membership. Rule 5.482(c) of the California Rules of Court states: "If after notice has been provided as required by federal and state law a tribe responds indicating that the child is eligible for membership if certain steps are followed, the court must proceed as if the child is an Indian child and direct the appropriate individual or agency to provide active efforts under rule 5.484(c) to secure tribal membership for the child." California Rules of Court, rule 5.484(c)(2) states, inter alia, "[e]fforts to provide services must include pursuit of any steps necessary to secure tribal membership for a child if the child is eligible for membership in a given tribe."

SSA determined that the children could not be enrolled in either tribe unless and until Mother enrolled in one of them. Nothing in the record explains whether SSA's understanding of those prerequisites to the children's enrollment was based on information received from the Indian tribes themselves, or from some other source. In any event, there were no further efforts on SSA's part to provide further notice to the tribes, regarding the children's juvenile court proceedings, or to engage in any active efforts to secure tribal membership for the children. Our record does not show SSA

7

responded to the Red Cliff Band of Lake Superior Chippewas' request for additional information about the children's maternal grandmother's family history.

In the respondent's brief, SSA argues that rule 5.482(c) of the California Rules of Court "impermissibly expands the definition of 'Indian child' under ICWA and the parallel state statute. [Welfare and Institutions Code s]ection 224.1, subdivision (a) merely incorporates the federal definition of 'Indian child,' and does not expand that definition as contemplated in rule 5.482(c)."[2]

In *In re Jack C.* (2011) 192 Cal.App.4th 967, 981, the appellate court stated that, in the context of any ambiguity in a child's Indian status, California law, including California Rules of Court, rules 5.482(c) and 5.484(c), imposes procedural protections for nonenrolled Indian children. The court explained, "[r]ule 5.482(c) does not, as the Agency contends, impermissibly expand ICWA beyond its jurisdictional limits. ICWA expressly permits state or federal law to provide a higher standard of protection to the rights of the Indian child and his or her parent or Indian guardian than the protection of rights provided under ICWA. (25 U.S.C. § 1921.) Thus ICWA does not preempt such higher state standards. [Citation.] Rather, rule 5.482(c) promotes the timely resolution of dependency matters by avoiding protracted litigation concerning the applicability of ICWA. [Citation.]" (*In re Jack C.*, *supra*, at p. 981.)

Thus, under rules 5.482 and 5.484 of the California Rules of Court, the juvenile court was required to direct SSA to make active efforts to obtain tribal membership for the children before parental rights were terminated. Insufficient

---

[2] The California Supreme Court granted review of *In re Abbigail A.* (2014) 226 Cal.App.4th 1450, 1461, review granted September 10, 2014, S220187, in which the appellate court held, "[California Rules of Court, rules 5.482(c) and 5.484(c)(2) are inconsistent with state law and consequently could not authorize the application of the ICWA in the present proceedings to minors who are not Indian children within the meaning of the ICWA."

evidence shows any such active efforts were made or that ICWA did not otherwise apply in this case.

SSA also argues U.S.'s and J.V.'s ICWA arguments should be deemed forfeited. We reject the forfeiture argument. "[G]iven the court's continuing duty throughout the dependency proceedings to ensure the requisite notice is given [citation], and the protections the ICWA affords Indian children and tribes, the parents' inaction does not constitute a waiver or otherwise preclude appellate review." (*Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247, 251.) "When the court has reason to know Indian children are involved in dependency proceedings, as here, it has the duty to give the requisite notice itself or ensure the social services agency's compliance with the notice requirement. [Citations.] In our view, the court's duty is sua sponte, since notice is intended to protect the interests of Indian children and tribes despite the parents' inaction. [Citation.] [¶] Further, '[n]otice shall be sent whenever there is reason to believe the child may be an Indian child, *and for every hearing thereafter unless and until it is determined that the child is not an Indian child.*' [Citation.] Because the court's duty continues until proper notice is given, an error in not giving notice is also of a continuing nature and may be challenged at any time during the dependency proceedings." (*Id.* at p. 261.)[3]

Given the above cited authorities, the juvenile court erred by finding ICWA did not apply. Not only did insufficient evidence support that finding, but also two tribes responded to SSA's ICWA notice, by stating that the children were eligible to enroll in

---

[3] The Supreme Court granted review in *In re Isaiah W.* (2014) 228 Cal.App.4th 981, review granted October 29, 2014, S221263, of the following issue: "Does a parent's failure to appeal from a juvenile court order finding that notice under the Indian Child Welfare Act was unnecessary preclude the parent from subsequently challenging that finding more than a year later in the course of appealing an order terminating parental rights?" (California Courts, Appellate Courts Case Information <http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2087704&doc_no=S221263> [as of June 7, 2016].)

9

them.  The court was thereafter required to proceed as if the children were Indian children.

Under these circumstances, we must reverse the order terminating parental rights and remand with directions for the juvenile court to order SSA to make active efforts necessary to secure tribal membership for the children.  (*In re K.M.* (2015) 242 Cal.App.4th 450, 458-459.)

## II.

### THE ORDER TERMINATING PARENTAL RIGHTS IS OTHERWISE PROPER.

U.S.'s and J.V.'s only non-ICWA-related challenge to the order terminating parental rights is that the juvenile court erred by finding the children adoptable when a child abuse report investigation remained pending.  Shortly before the permanency hearing, SSA received information that a telephone call had been placed to the child abuse registry, regarding an allegation of abuse of Robert who was "engaging in inappropriate behavior" that was not described.  As of the date of the permanency hearing, the investigation was pending.

At that hearing, U.S.'s counsel conceded the children were highly adoptable, but requested a continuance of the hearing to allow the court to consider the report of the investigation.  U.S. argues in his opening brief that because the child abuse report investigation was pending, it was not known if Robert was adoptable at the time of the permanency hearing.

In his opening brief, J.V. argues that had the juvenile court granted U.S.'s counsel's request for a continuance, "the report outlining Robert's behavior would have been before the juvenile court for the section 366.26 hearing and would have allowed the juvenile court to have all of the pertinent facts before making a finding on adoptability."

10

SSA filed a motion asking this court to take additional evidence under Code of Civil Procedure section 909 of a court order showing that the child abuse allegation was deemed unfounded, and the home study for the prospective adoptive parents had been completed and approved by SSA. The additional evidence SSA has requested that we consider moots U.S.'s and J.V.'s non-ICWA-related challenges to the order terminating parental rights. Neither U.S. nor J.V. opposed SSA's motion.

We grant SSA's motion. (See *In re K.M.*, *supra*, 242 Cal.App.4th at p. 456 [granting motion under Code of Civil Procedure section 909 because SSA was not seeking to introduce evidence to overturn the order regarding termination of parental rights, but to show the evidence proved the appeal was moot].) Accordingly, we reject U.S.'s and J.V.'s arguments that the order terminating parental rights should be reversed because the child abuse report investigation was pending at the time of the permanency hearing.

## DISPOSITION

The order terminating parental rights is reversed. On remand, the juvenile court shall direct SSA to make active efforts necessary to secure membership for the children in the Bad River Band of Lake Superior Tribe of Chippewa Indians and the Red Cliff Band of Lake Superior Chippewa Indians of Wisconsin, in compliance with rules 5.482(c) and 5.484(c)(2) of the California Rules of Court. If after such compliance, either tribe claims the children are Indian children under ICWA or enrolls the children in the tribe, the juvenile court shall conduct all further proceedings in compliance with ICWA and all related federal and state law. If, after SSA complies with ICWA and the above cited rules, and the children do not qualify as Indian children because they are neither (1) members of an Indian tribe, nor (2) eligible for membership in an Indian tribe and the biological children of a member of an Indian tribe (see 25 U.S.C. § 1903(4)), the

11

original order terminating parental rights, which in all other respects is affirmed, shall be reinstated.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re MIGUEL S. et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, | G052683 |
| Plaintiff and Respondent, | (Super. Ct. Nos. DP024206 & DP024244) |
| v. | |
| U.S. et al., | ORDER GRANTING REQUESTS FOR PUBLICATION |
| Defendants and Appellants. | |

Appellants have requested that our opinion, filed on June 7, 2016, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c)(2) and (6). The requests are GRANTED. The opinion is ordered published in the Official Reports.

FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

13